CARLO, DEMANDANTE Y APELADO, *v.* ST. PAUL FIRE & MARINE
INSURANCE COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte·de Distrito de Mayagüez
en pleito sobre cobro de dinero (moción sobre desestima-
ción de apelación.)

No. 2924.—Resuelto en febrero 12, 1923.

DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN RADICADA DESPUÉS DE NOTIFICADA
LA MOCIÓN PARA DESESTIMAR—DISCRECIÓN DEL TRIBUNAL SUPREMO.—En las
apelaciones existe sólo un término jurisdiccional, el de la interposición del
recurso. Una vez que el recurso ha sido interpuesto, todos los demás térmi-
nos quedan sujetos a la discreción de la corte que puede prorrogarlos y aun
en casos extremos sustituirlos por nuevos plazos. Pero la discreción de la
corte no es arbitraria. Y no habiendo acreditado el apelante que una justa
causa le impidió radicar la transcripción en tiempo o pedir prórroga, el re-
curso debe desestimarse, toda vez que la transcripción fué radicada después
de notificada al apelante la moción para desestimar.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. H. G. Molina* y *L. Toro
Cabañas.* ·

Abogado del apelado: *Sr. A. A. Vázquez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

La parte apelada solicita la desestimación del recurso.
Se funda en que la transcripción no se archivó dentro del tér
mino de ley. Así resulta en efecto. El 17 de octubre de
1922 se dictó sentencia resolviendo el pleito en definitiva por
la Corte de Distrito de Mayagüez. El 16 de noviembre se
interpuso la apelación. No existe pliego de excepciones ni
relación de pruebas. El 20 de diciembre de 1922 la parte
apelada archivó su moción solicitando la desestimación del
recurso, moción que fué notificada a la parte apelante el
propio día 20 de diciembre de 1922. Y no fué hasta el 28
de diciembre de 1922, esto es, cuando habían transcurrido
más de diez días después de vencido el término de ley y ocho
después de notificada la moción de desestimación, que la
parte apelante archivó la transcripción de los autos.

Bastaría la exposición de los anteriores hechos para, de acuerdo con la ley, y siguiendo la constante práctica de este tribunal, desestimar la apelación, pero la apelante presentó una moción, que requiere la consideración de la corte, alegando que en este caso concurren las circunstancias que expone y que a su juicio justifican el ejercicio por parte de este tribunal de su poder inherente y del que le reconoce el artículo 140 del Código de Enjuiciamiento Civil, para permitir el archivo de la transcripción después de vencido el término de ley.

El término de treinta días para el archivo de los autos se fijó primeramente por las reglas de esta corte. Luego la Legislatura convirtió en ley el precepto reglamentario.

Las reglas de la corte disponen expresamente que constituye una buena defensa el que la transcripción esté presentada, aunque lo sea fuera de término, cuando se notifica la moción de desestimación, pero éste no es aquí el caso. Siendo ello así, tendría que demostrarse que concurren circunstancias verdaderamente extraordinarias para que esta corte estuviera justificada en actuar en la forma que pide la apelante.

En las apelaciones existe sólo un término jurisdiccional, el de la interposición del recurso. Una vez que el recurso ha sido interpuesto, todos los demás términos quedan sujetos a la discreción de la corte que puede prorrogarlos y aún en casos extremos sustituirlos por nuevos plazos. Pero la discreción de la corte no es arbitraria. Y aquí no se ha presentado ninguna causa justa que explique por qué la apelante dejó de archivar la transcripción en tiempo o de solicitar la prórroga del término fijado para ello por la ley.

Si bien el abogado que tuvo la dirección del asunto regresó del Continente el día anterior al en que se vencía el término para apelar, la apelación se interpuso en tiempo. No es en ese trámite que se faltó. Después de interpuesto

el recurso la ley le concedía a la apelante treinta días—tér mino prorrogable—para archivar su transcripción en esta Corte Suprema.  La circunstancia de residir dicho abogado en San Juan y tratarse de una sentencia dictada en Maya- güez, no le favorece.  Los abogados que asumen la repre- sentación de pleitos fuera del distrito de su residencia, según ya ha dicho esta corte, no tienen privilegio alguno.  Si el abogado de Mayagüez a quien su colega de San Juan enco- mendó el asunto, hubiera recibido instrucciones detalladas, las hubiera cumplido, y si no lo hizo, de su actuación res- ponde el abogado de San Juan.

Debe declararse con lugar la moción del apelado.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.